IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLEN BEDYNEK STUMM,

|  |  |  |
|---|---|---|
|  | Plaintiff, | OPINION AND ORDER |
| v. |  | 15-cv-597-wmc |

ROBERT J. KELLERMAN and RUSSELL
W. GRUNER,

Defendants.

---

This is a proposed civil action in which plaintiff Allen Bedynek Stumm alleges that defendants Robert J. Kellerman and Russell W. Gruner, who appear to be employees with the Greater Wisconsin Agency on Aging, violated his rights by refusing to re-enroll him in training and employment programs. Stumm asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit Stumm has given the court, the court finds that he is indeed unable to prepay the fee for filing this lawsuit. The next step in determining if Stumm's proposed action should go forward turns on whether his complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Unfortunately, as currently plead, Stumm's complaint fails to state a claim for which relief can be granted, which means he fails to

meet the requirements of Federal Rule of Civil Procedure 8 and the court must deny him leave to proceed, albeit without prejudice to him refiling an amended complaint.[1]

## ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes the following probative facts based on the allegations in his complaint.

Allen Bedynek Stumm participated in programs administered by the Greater Wisconsin Agency on Aging ("GWAAR") from July 19, 2004, through March 21, 2005. At some point in 2005, Michelle Krauss, a predecessor of defendant Gruner, agreed to reassign Stumm to another community service organization. Krauss left GWAAR on February 1, 2007. At that time, Stumm also attempted to seek re-enrollment with Gruner, the Coordinator of GWAAR, and defendant Kellerman, the Director of GWAAR. He was, however, unsuccessful.

In 2009, Stumm filed an employment discrimination complaint with the Wisconsin Department of Workforce Development, Equal Rights Division. Much of Stumm's complaint to this court details this administrative process, in which he claimed forgery and fraudulent writing as pretext for discriminating against him. Ultimately, it

---

[1] The court's denial of leave to proceed moots Stumm's motion for assistance in recruiting counsel (dkt. #3). If plaintiff files an amended pleading, he may again request assistance in recruiting counsel, although, among other things, Stumm will need to show that he requested and was denied representation by three or more lawyers.

appears that his ERD complaint was unsuccessful, as were his efforts to seek a new hearing.  This lawsuit followed.

OPINION

While Stumm's complaint contains significant detail about the administrative process, neither his complaint nor the letters he attached to the complaint provide any insight into the nature of his discrimination claim.  As such, his complaint fails to meet the requirements of Federal Rule of Civil Procedure 8.  Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer."  *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).  To demonstrate liability under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation.  *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Walker v. Taylorville Correctional Ctr.*, 129 F.3d 410, 413 (7th Cir. 1997) (noting that "personal involvement" is required to support a claim under § 1983).  Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'"  *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In this instance, Stumm complains of "discrimination," but does not describe whether it is based on age, disability, race or some other protected class.  Without this information, the court cannot assess whether he states a claim for relief, and defendants would lack the required notice to defend against his claims.  The pleading standard

3

announced in Fed. R. Civ. P. 8(a) does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 676-78 (2009) (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

As such, the court will deny Stumm leave to proceed, without prejudice to him filing an amended complaint which meets the requirement of Rule 8. If he chooses to file an amended complaint, Stumm should draft it as if he is telling a story to someone who knows nothing about his situation. This means he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. He should take care to identify each defendant and the specific actions taken by each defendant that he believes violated his rights. Finally, Stumm should set forth his allegations in separate, numbered paragraphs using short and plain statements.

After he finishes drafting the complaint, Stumm should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes. Stumm may have until December 8, 2016, to provide an amended complaint that complies with these instructions. If he does not file an amended complaint by that date, the court will close this case.

4

ORDER

IT IS ORDERED that:

1) Plaintiff Allen Bedynek's motion for leave to proceed (dkt. #2) is DENIED without prejudice.

2) Plaintiff's motion for assistance in recruiting counsel (dkt. #3) is DENIED without prejudice.

3) Plaintiff may have until **December 8, 2016,** to file an amended complaint that complies with Federal Rule of Civil Procedure 8 as described in this order. **If plaintiff fails to respond by that date, the clerk of court is directed to close this case.**

Entered this 17th day of November, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5