IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLEN BEDYNEK STUMM,

                  Plaintiff,                  OPINION AND ORDER

    v.

                                              15-cv-597-wmc

ROBERT J. KELLERMAN and RUSSELL
W. GRUNER,

                  Defendants.

---

The court previously screened *pro se* plaintiff Allen Bedynek Stumm's proposed complaint, which purported to assert claims against defendants Robert J. Kellerman and Russell W. Gruner (both employees with the Greater Wisconsin Agency on Aging), based on defendants' alleged refusal to re-enroll him in training and employment programs pursuant 28 U.S.C. § 1915. After determining that his complaint failed to meet the requirements of Federal Rule of Civil Procedure 8, the court denied Stumm leave to proceed without prejudice to his filing an amended pleading that alleges additional facts about the nature of the alleged "discrimination" Stumm faced. (11/17/16 Order (dkt. #5).) Before the court now is plaintiff's proposed amended complaint. (Dkt. #8.) However, because the amended complaint does not cure the defects previously identified, the court will again deny Stumm leave to proceed and direct the clerk's office to close this case.

ALLEGATIONS OF FACT

The allegations in the amended complaint are essentially the same as those described in the initial complaint. (*Compare* dkt. #1 *with* dkt. #8.) Accordingly, the court adopts the description of the facts set forth in the court's prior opinion and order. (11/17/16 Order (dkt. #5) 2-3.)

OPINION

As the court explained previously, to demonstrate liability under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Walker v. Taylorville Correctional Ctr.*, 129 F.3d 410, 413 (7th Cir. 1997) (noting that "personal involvement" is required to support a claim under § 1983). Plaintiff complains that he was denied reenrollment in the Senior Community Services Employment Program, but again fails to provide any basis for finding that this refusal violated his constitutional rights. Indeed, in his initial pleading, plaintiff at least *claimed* that he suffered from discrimination, while his amended pleading does not even reference this alleged discrimination. More importantly, plaintiff fails to provide the specific facts called for that would clarify whether he suffered discrimination based on a protected category (e.g., age, race or sex).

Instead, in his amended complaint, plaintiff now alleges "criminal actions" against defendants. There is no private right of action, however, to have someone investigated or prosecuted for a crime. Rather, the decision to charge an individual with criminal

violations is vested solely within the discretion of the United States Attorney General, U.S. Attorney's Offices, or local state prosecutors. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 901 (7th Cir. 2012) (same).

At most, plaintiff's amended complaint attempts to allege that defendants committed civil fraud during an administrative review process, complaining of "forgeries," "fraudulent writings," and "perjuries." Perhaps plaintiff could assert a state law claim for fraud or defamation against defendants, but this court would lack jurisdiction over any state law claims. A federal court is one of limited jurisdiction. Generally, this court may only consider cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Here, plaintiff pleads no claim arising under federal law and the plaintiff and the two proposed defendants all appear to be citizens of Wisconsin. Therefore, this court is barred from proceeding for lack of subject matter jurisdiction.

Accordingly, the plaintiff has failed to state a valid claim upon which relief can be granted as required to proceed under 28 U.S.C. § 1915(e)(2)(B). As such, plaintiff is denied leave to proceed, his complaint is dismissed, and the clerk's office is directed to close this case.

ORDER

IT IS ORDERED that:

1) Plaintiff Allen Bedynek's motion for screening of amended complaint is DENIED.

2) The clerk of court is directed to close this case.

Entered this 26th day of January, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge